### No. 671

### McCOWN, Excx. v. BUNTING, et

### No. 19896. Supreme Court

On motion to certify. Dock. June 16, 1926; 4 Abs. 404.

707. LEASES—Is a lease upon real property an appurtenance, thereby rendering meaningless a forfeiture clause based upon an assignment?

This action was brought originally to quiet title in the Columbiana Common Pleas by George C. McCown against Mary Bunting, Daniel Bunting, Ruth Bunting Kerr and John Kerr. Since the filing of the action originally George McCown has deceased, and Ella McCown as executrix is now prosecuting the action.

It appears that George McCown was the owner of a parcel of land 18 x 110 feet in Wellsville and at the time of purchase one Laura M. Luke was the owner of 42 feet adjacent to that owned by McCown. In 1906 Austin MacKenzie executed a 30 year lease to Laura M. Luke, a tenant in common with him in the lot owned by defendants herein under a conveyance from Laura M. Luke.

The lease contained a stipulation which provided that it could not be assigned and that in the event an assignment should be made the lease would be terminated.

McCown brought this action to require defendants to remove certain buildings and to enjoin them from interferring with his use. The defendants assert and claim by virtue of a lease-hold interest which they obtained under an assignment from Laura M. Luke.

The judgment of the Common Pleas in favor of the defendants herein was affirmed by the Court of Appeals.

McCown in the Supreme Court contends:

1. That George McCown was in possession of said property to such an extent that he could bring an action to quiet title.

2. That the defendants herein were not entitled to affirmative relief on their cross petition.

3. That the lease was not an appurtenance and therefore the forfeiture clause was binding and an assignment was invalid.

Attorneys—Charles Boyd, East Liverpool, for Pltff.; W. A. O'Grady, Wellsville, for Defts.